UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Constance Amos**, **Seanetta Johnson**, **Chris Lanpher**, **Magdelyne Looper**, **Crystal Ross**, and **Brian Pettingill**, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiff,<br><br>vs.<br><br>**Classic Dining Group, LLC**, an Indiana corporation; **Classic Dining Kentucky Ave, Inc.**, an Indiana corporation; **Classic Dining of Daleville, LLC**, an Indiana Corporation; **Classic Dining of Greenwood, Inc.**, an Indiana Corporation; **Classic Dining Post Road, Inc.**, an Indiana Corporation; and **Ken Kilberger**,<br><br>Defendants. | No. 1:19-cv-03193-JRS-DLP<br><br>**SECOND AMENDED COLLECTIVE ACTION COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)**<br><br>1:21-cv-2491-RLY-MG<br>1:21-cv-2492-TWP-TAB<br>1:21-cv-2493-JPH-DML |

Plaintiffs, Constance Amos ("Plaintiff Amos"), Seanetta Johnson ("Plaintiff Johnson"), Chris Lanpher ("Plaintiff Lanpher"), Magdelyne Looper ("Plaintiff Looper"), Crystal Ross ("Plaintiff Ross"), and Brian Pettingill ("Plaintiff Pettingill") (collectively, "Plaintiffs"), on behalf of themselves and all other persons similarly situated who are current or former servers of Defendants ("Collective Members") and by and through the undersigned attorney(s), sue Defendants, Classic Dining Group, LLC, ("Classic Dining Group"); Classic Dining Kentucky Ave, Inc., ("Classic Dining Kentucky Ave"); Classic Dining of Daleville, LLC, ("Classic Dining of Daleville"); Classic Dining of Greenwood, Inc., ("Classic Dining of Greenwood"); Classic Dining Post Road, Inc., ("Classic Dining Post Road"), and Ken Kilberger; ("Defendant Kilberger") (collectively "Defendants") and allege as follows:

**PRELIMINARY STATEMENT**

1

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiffs and other similarly-situated employees all earned minimum wages.

2.      Defendant Kilberger owns and operates approximately 29 Denny's restaurants, which are the subject of this lawsuit.

3.      Defendants have a policy or practice of paying their employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA.

4.      Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.  But an employer is *not* permitted to take a tip credit against its minimum wage obligations when it (1) requires its tipped employees to perform non-tipped work that is ***unrelated*** to the employees' tipped occupation (i.e., "dual jobs"); **or** (2) when the employer requires its tipped employees to perform non-tipped work that, although ***related*** to the employees' tipped occupation, more than "occasionally" or "part of the time".  *See, e.g.,* 29 C.F.R. § 531.56; 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection"); *Driver v. Apple Illinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work"); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time").

5.      Defendants violated the FLSA by enforcing a policy or practice of paying servers sub-minimum, tip-credit wages even when it required those employees to perform non-tipped work that is ***unrelated*** to their tipped occupation (i.e., "dual jobs").

6.      Defendant violated the FLSA by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was ***related*** to their tipped occupation, was performed more than occasionally or part of the time. Instead, Defendant requires such ***related*** non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiffs' and the Collective Member's time worked in one or more individual workweeks.

7.      Defendants violated the FLSA by paying certain of its employees sub-minimum, tip-credit wages without allowing them to retain all of the tips they earned, in violation of 29 U.S.C. § 203(m).

8.      Defendants imposed a tip credit upon all of their tipped employees, including Plaintiffs and the Collective Members.

## JURISDICTION AND VENUE

9.      Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

10.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

11.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the Southern District of Indiana, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES – PLAINTIFFS

12.     Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

13.     Plaintiff Amos is an individual residing in Clinton County, Indiana, and is a former employee of Defendants.

14.     Plaintiff Amos was employed as a server at Defendant's Denny's restaurant located at 4795 Kentucky Avenue, Indianapolis, Indiana 46221 from approximately July 1, 2018 until approximately July 8, 2019.

15.     Defendants Classic Dining Kentucky Avenue, Inc. and Kilberger hired Plaintiff Amos to work as a server.

16.     Defendants Classic Dining Kentucky Avenue, Inc. and Kilberger unilaterally determined Plaintiff Amos's rate of pay, set her work schedule, trained her, set and controlled her conditions of employment, and maintained her time and compensation records.

17.     Plaintiff Johnson is an individual residing in Allen County, Indiana, and is a former employee of Defendants.

18.     Plaintiff Johnson was employed as a server at Defendant's Denny's restaurant located at 4795 Kentucky Avenue, Indianapolis, Indiana 46221 from approximately December 2018 until approximately March 2019.

19.     Defendants Classic Dining Kentucky Avenue, Inc. and Kilberger hired Plaintiff Johnson to work as a server.

20.     Defendants Classic Dining Kentucky Avenue, Inc. and Kilberger unilaterally determined Plaintiff Johnson's rate of pay, set her work schedule, trained her, set and controlled her conditions of employment, and maintained her time and compensation records.

4

21.     Plaintiff Lanpher is an individual residing in Marion County, Indiana, and is a former employee of Defendants.

22.     Plaintiff Lanpher was employed as a server at Defendant's Denny's restaurant located at 4795 Kentucky Avenue, Indianapolis, Indiana 46221 from approximately June 2015 until approximately November 2018.

23.     Defendants Classic Dining Kentucky Avenue, Inc. and Kilberger hired Plaintiff Lanpher to work as a server.

24.     Defendants Classic Dining Kentucky Avenue, Inc. and Kilberger unilaterally determined Plaintiff Lanpher's rate of pay, set his work schedule, trained him, set and controlled his conditions of employment, and maintained his time and compensation records.

25.     Plaintiff Looper is an individual residing in Delaware County, Indiana, and is a former employee of Defendants.

26.     Plaintiff Looper was employed as a server at Defendant's Denny's restaurant located at 15876 West Commerce Road, Daleville, Indiana 47334 from approximately April 2018 until approximately November 2018.

27.     Defendants Classic Dining of Daleville, Inc. and Kilberger hired Plaintiff Looper to work as a server.

28.     Defendants Classic Dining of Daleville, Inc. and Kilberger unilaterally determined Plaintiff Looper's rate of pay, set her work schedule, trained her, set and controlled her conditions of employment, and maintained her time and compensation records.

29.     Plaintiff Ross is an individual residing in Marion County, Indiana, and is a former employee of Defendants.

30.     Plaintiff Ross was employed as a server at Defendant's Denny's restaurant located at 2490 North Post Road, Indianapolis, Indiana 46219 from approximately August 2017 until approximately July 2018.

31.     Defendants Classic Dining Post Road, Inc. and Kilberger hired Plaintiff Ross to work as a server.

32.     Defendants Classic Dining Post Road, Inc. and Kilberger unilaterally determined Plaintiff Ross's rate of pay, set her work schedule, trained her, set and controlled her conditions of employment, and maintained her time and compensation records.

33.     Plaintiff Pettingill is an individual residing in Marion County, Indiana, and is a former employee of Defendants.

34.     Plaintiff Pettingill was employed as a server at Defendant's Denny's restaurant located at 1253 South Park Boulevard, Greenwood, IN from approximately February 2016 through the present.

35.     Defendants Classic Dining of Greenwood, Inc. and Kilberger hired Plaintiff Pettingill to work as a server.

36.     Defendants Classic Dining of Greenwood, Inc. and

37.     Kilberger unilaterally determined Plaintiff Pettingill's rate of pay, set his work schedule, trained him, set and controlled his conditions of employment, and maintained his time and compensation records.

38.     At all material times, Plaintiffs were paid by Defendants as tipped employees under the FLSA.

39.     Defendants employed Plaintiffs to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes, fulfilling online take-out and delivery orders, and other side work.

40.     At all material times, Plaintiffs were employees of Defendants as defined in 29 U.S.C. § 203(e)(1) and were non-exempt employees under 29 U.S.C. § 213(a)(1).

41.     Plaintiffs have given their written consent to be Representative Plaintiffs in this action pursuant to 29 U.S.C. § 216(b).  *See* Docs. 6-1, 81-1.

**PARTIES**
**CLASSIC DINING KENTUCKY AVE, INC.**
**CLASSIC DINING OF DALEVILLE, INC.**
**CLASSIC DINING OF GREENWOOD, INC.**
**CLASSIC DINING POST ROAD, INC.**

42.     At all material times, Classic Dining Defendant Kentucky Ave, Inc. was a corporation duly licensed to transact business in the State of Indiana.

43.     Defendant Classic Dining Kentucky Ave, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Marion County, Indiana.

44.     Defendant Classic Dining Kentucky Ave, Inc. is Plaintiffs Amos, Johnson, and Lanpher's and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

45.     At all material times, Defendant Classic Dining Kentucky Ave, LLC is owned and/or operated by Defendant Kilberger.

46.     Under the FLSA, Defendant Classic Dining Kentucky Ave, Inc. is an employer.  At all relevant times, Defendant Classic Dining Kentucky Ave, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' Amos, Johnson, Lanpher, and the Collective Members' employment with

7

Defendants.  Having acted in the interest of Defendants in relation to the company's employees, including Plaintiffs Amos, Johnson, Lanpher, and the Collective Members, Defendant Classic Dining Kentucky Ave, Inc. is subject to liability under the FLSA.

47.    At all material times, Defendant Classic Dining of Daleville, Inc. was a corporation duly licensed to transact business in the State of Indiana.

48.    Defendant Classic Dining of Daleville, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Delaware County, Indiana.

49.    Defendant Classic Dining of Daleville is Plaintiff Looper's and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

50.    At all material times, Defendant Classic Dining of Daleville, LLC is owned and/or operated by Defendant Kilberger.

51.    Under the FLSA, Defendant Classic Dining of Daleville, Inc. is an employer.  At all relevant times, Defendant Classic Dining of Daleville, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Looper's and the Collective Members' employment with Defendants.  Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Looper and the Collective Members, Defendant Classic Dining of Daleville, Inc. is subject to liability under the FLSA.

52.    At all material times, Defendant Classic Dining of Greenwood, Inc. was a corporation duly licensed to transact business in the State of Indiana.

53.    Defendant Classic Dining of Greenwood, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Johnson County, Indiana.

8

54. Defendant Classic Dining of Greenwood, Inc. is Plaintiff Pettingill's and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

55. At all material times, Defendant Classic Dining of Greenwood, LLC is owned and/or operated by Defendant Kilberger.

56. Under the FLSA, Defendant Classic Dining of Greenwood, Inc. is an employer. At all relevant times, Defendant Classic Dining of Greenwood, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Pettingill's and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Pettingill and the Collective Members, Defendant Classic Dining of Greenwood, Inc. is subject to liability under the FLSA.

57. At all material times, Defendant Classic Dining Post Road, Inc. was a corporation duly licensed to transact business in the State of Indiana.

58. Defendant Classic Dining Post Road, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Marion County, Indiana.

59. Defendant Classic Dining Post Road, Inc. is Plaintiff Ross' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

60. At all material times, Defendant Classic Dining Post Road, LLC is owned and/or operated by Defendant Kilberger.

61. Under the FLSA, Defendant Classic Dining Post Road, Inc. is an employer. At all relevant times, Defendant Classic Dining Post Road, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in connection with Plaintiff Ross' and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff Ross and the Collective Members, Defendant Post Road, Inc. is subject to liability under the FLSA.

## **PARTIES – CLASSIC DINING GROUP, LLC**

62. At all material times, Defendant Classic Dining Group, LLC was a limited liability company duly licensed to transact business in the State of Indiana.

63. Classic Dining Group does business, has offices, and/or maintains agents for the transaction of its customary business throughout Indiana.

64. Classic Dining Group is Plaintiffs' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

65. Under the FLSA, Classic Dining Group, is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Classic Dining Group, had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiffs and the Collective Members, Classic Dining Group, is subject to liability under the FLSA.

66. As a company-wide strategic decision, Classic Dining Group or Defendant Kilberger incorporate each of their Denny's restaurant locations as a separate legal entity. For example, their Denny's restaurant located at 4795 Kentucky Avenue, Indianapolis, Indiana is incorporated as Classic Dining Kentucky Ave., Inc.; their Denny's restaurant located at 1253 South

Park Boulevard, Greenwood, Indiana is incorporated as Classic Dining of Greenwood, Inc.; their Denny's restaurant located at 15876 West Commerce Road, Daleville, Indiana is incorporated as Classic Dining of Daleville, Inc.; and their Denny's restaurant located at 2490 North Post Road, Indianapolis, Indiana is incorporated as Classic Dining Post Road, Inc. The same is true of Classic Dining Group or Defendant Kilberger's 25 other Denny's restaurant locations.

67.     At all relevant times, Defendant Classic Dining Group, operated as a parent company that owned, operated, or otherwise held all of the Denny's restaurants owned and/or operated by Defendant Kilberger, including Defendants Classic Dining Kentucky Ave, Inc.; Classic Dining of Daleville, Inc.; Classic Dining of Greenwood, Inc.; and Classic Dining Post Road, Inc.

68.     At all relevant times, Defendants Classic Dining Kentucky Ave, Inc.; Classic Dining of Daleville, Inc.; Classic Dining of Greenwood, Inc.; Classic Dining Post Road, Inc. operated as subsidiaries of Classic Dining Group.

69.     At all relevant times, all of the approximately 29 Denny's restaurants owned and operated by Defendant Kilberger also operated as subsidiary companies of Classic Dining Group.

70.     At all material times, Classic Dining Group, is owned and/or operated by Defendant Kilberger.

71.     At all relevant times, Classic Dining Group or Defendant Kilberger operate all of their Denny's restaurants under the brand name PFC Classic Dining.

72.     PFC Classic Dining markets itself as "a multi state restaurant group specializing in franchise concepts" that has "twenty-nine (29) Denny's locations spread across Illinois and Indiana." (https://pfcclassicdining.com/about-us/, last visited September 21, 2020).

73.     All of Classic Dining Group or Defendant Kilberger's Denny's restaurant locations share the same principal office address, which is 2380 Esplanade Drive, Suite 203 Algonquin, IL 60102.

74.     The PFC Classic Dining website allows prospective employees to apply to work as servers at any of Classic Dining Group or Defendant Kilberger's Denny's restaurants in the geographic region of their choice, including Illinois, Wisconsin, Northwest Indiana, Indianapolis, Westfield, and/or other Indiana Cities.  (https://pfcclassicdining.com/jobs/, last visited September 21, 2020).

75.     The PFC Classic Dining website provides a single, uniform description for the job title of "server," at all of Classic Dining Group or Defendant Kilberger' Denny's restaurants regardless of the restaurant location at which a given server applies or works. (https://pfcclassicdining.com/jobs/server/, last visited September 21, 2020).

76.     Classic Dining Group or Defendant Kilberger's Denny's restaurants all share a common human resources manager.

77.     Classic Dining Group or Defendant Kilberger's Denny's restaurants all share a common payroll company.

78.     Classic Dining Group or Defendant Kilberger's Denny's restaurants all share a common employee handbook and training materials.

79.     Classic Dining Group or Defendant Kilberger's Denny's restaurants share upper management such as "area managers", "district managers" and/or "regional managers" across their Denny's restaurant locations including Classic Dining Kentucky Ave., Classic Dining of Daleville, Classic Dining of Greenwood Mall, and Classic Dining Post Road.

80. Classic Dining Group or Defendant Kilberger operate all of their Denny's restaurants including Classic Dining Kentucky Ave., Classic Dining of Daleville, Classic Dining of Greenwood Mall, and Classic Dining Post Road under a common business model. Part of that model entails curtailing labor costs wherever possible to maximize profits for a restaurant business that specializes in breakfast foods and does not sell alcohol. This business model is germane and common to all of the wage violations alleged by Plaintiffs herein.

### PARTIES – KEN KILBERGER

81. At all material times, Defendant Kilberger was an individual residing in the state of Indiana.

82. Defendant Kilberger owns and/or operates each of the Denny's restaurants collectively named as Defendants herein.

83. Defendant Kilberger is Plaintiffs' and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

84. Under the FLSA, Defendant Kilberger is an employer. At all relevant times, he acted in the interest of Defendants in relation to the company's employees, including Plaintiffs and the Collective Members. As such, Defendant Kilberger is subject to liability under the FLSA.

85. Defendant Kilberger operates a website as an apparent central hub for the PFC Classic Dining brand. (www.pfcclassicdining.com, last visited September 21, 2020).

86. That website depicts Defendnat Kilberger as owning, operating, and/or otherwise having control over all of the PFC Classic Dining Denny's restaurants.

87. The website also depicts Defendant Kilberger appearing at multiple PFC Classic Dining Denny's restaurants, including the Kentucky Avenue, IN; Keystone, IN; Greenwood, IN; Merrilville, IN; Crawfordsville, IN; and Gurnee, IL locations.

88.     Defendant Kilberger owns all of the Denny's Restaurants under the PFC Classic Dining brand.

89.     Defendant Kilberger operates all of the Denny's Restaurants under the PFC Classic Dining brand.

90.     Defendant Kilberger is the "President of PFC Classic Dining." (www.pfcclassicdining.com, last visited September 21, 2020).

91.     The PFC Classic Dining website lists Defendant Kilberger as the "President and CEO of PFC Classic Dining Restaurant Group." *Id.*

92.     Defendant Kilberger is the registered principal of each of PFC Classic Dining's Denny's restaurant locations.

93.     All of Defendant Kilberger's Denny's restaurant locations share the same principal office address, which is 2380 Esplanade Drive, Suite 203 Algonquin, IL 60102.

94.     Defendant Kilberger has an ownership interest in Classic Dining Group, LLC.

95.     Defendant Kilberger has an ownership interest in Defendant Classic Dining Kentucky Avenue, Inc.

96.     Defendant Kilberger has an ownership interest in Defendant Classic Dining Daleville, Inc.

97.     Defendant Kilberger has an ownership interest in Classic Dining Greenwood, Inc.

98.     Defendant Kilberger has an ownership interest in Classic Dining Post Road, Inc.

99.     Defendant Kilberger also has ownership interests in additional Denny's restaurants that comprise PFC Classic Dining and/or Classic Dining Group, including, but not necessarily limited to, the following entities:

        a.      Classic Dining Group, LLC;

b.     Classic Dining Keystone, Inc.;

c.     Classic Dining Management, Inc.;

d.     Classic Dining Michigan Road, Inc.;

e.     Classic Dining Castleton, Inc.;

f.     Classic Dining of Columbus, Inc.;

g.     Classic Dining of Crawfordsville, Inc.;

h.     Classic Dining of Greenwood Mall, Inc.;

i.     Classic Dining of LaFayette, Inc.;

j.     Classic Dining of Lebanon, Inc.;

k.     Classic Dining of Merrillville, Inc.;

l.     Classic Dining of Portage, Inc.;

m.     Classic Dining of Rockford, Inc.; and

n.     Classic Dining of Shelbyville, Inc.

100.    As shown above, and at all relevant times, Defendant Kilberger has the authority to hire and fire servers to work for any and all of Defendants' Denny's restaurant, including Classic Dining Kentucky Ave, Inc.; Classic Dining of Daleville, LLC; Classic Dining of Greenwood, Inc.; and Classic Dining Post Road, Inc. Specifically, Defendant Kilberger had authority to hire each of the Plaintiffs, Defendant Kilberger had authority over each of the respective managers that actually hired Plaintiffs, and Defendant Kilberger had authority to fire Plaintiffs at any and all relevant times.

101.    As shown above, and at all relevant times, Defendant Kilberger has the power to set and control the work schedules of all servers who work for any and all of Defendants' Denny's restaurants, including Classic Dining Kentucky Ave, Inc.; Classic Dining of Daleville, LLC;

Classic Dining of Greenwood, Inc.; and Classic Dining Post Road, Inc. Specifically, Defendant Kilberger had authority over each and every manager which set Plaintiffs' work schedules at their various restaurant locations and Defendant Kilberger set the labor targets at each restaurant which Plaintiffs for each and every workweek that Plaintiffs worked for Defendants' Denny's restuarants.

102.    As shown above, and at all relevant times, Defendant Kilberger has the power to set and control the rates of pay of all servers who work for any and all of Defendants' Denny's restaurants, including; Classic Dining Kentucky Ave, Inc.; Classic Dining of Daleville, LLC; Classic Dining of Greenwood, Inc.; and Classic Dining Post Road, Inc. Specifically, the decision to claim the maximum tip credit allowed by federal and state law for all of the hours worked by Plaintiffs regardless of whether Plaintiffs were performing tipped or non-tipped labor was made by Defendant Kilberger.

103.    As shown above, and at all relevant times, Defendant Kilberger has the power to control and maintain employment records of all servers who work for any and all of Defendants' Denny's restaurants, including Classic Dining Kentucky Ave, Inc.; Classic Dining of Daleville, LLC; Classic Dining of Greenwood, Inc.; and Classic Dining Post Road, Inc. Specifically, it is Defendant Kilberger's responsibility to maintain all of the employment records required by federal and state law attendant to Plaintiffs' employment at Defendants' Denny's restaurants and Defendant Kilberger controlled and maintained the same.

104.    The company-wide decision to require servers, including Plaintiffs, to perform the amounts and types of non-tipped labor alleged herein while paying them the tip credit rate in lieu of staffing full minimum wage employees to reduce labor costs and maximize profits was made by Defendant Kilberger.

105. The company-wide decision to charge servers, including Plaintiffs, for customer walkouts, breakage and shortages to shift that loss from Defendants to their employees, including Plaintiffs, was made by Defendant Kilberger.

## DEFENDANTS ARE A "SINGLE ENTERPRISE"

106. Defendants own and operate a chain of franchised Denny's restaurants.

107. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of Denny's restaurants.

108. Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned Denny's restaurants.

109. Defendants constitute a unified operation because they have organized the performance of its related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

110. Defendants run each Denny's restaurant identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

111. Defendants share employees, including servers, between their restaurant locations.

112. Defendants share common management between restaurant locations. The Denny's restaurants share common human resources and payroll services.

113. Defendants share common ownership and corporate officers.

114. Defendants use the trade name "Denny's" at all of their Denny's restaurant locations.

115. Defendants' restaurants are advertised on the same website.

17

116. Defendants offer the same menu and provide the same array of products and services to their customers at their Denny's restaurant locations.

117. This chain of restaurants provides the same service product to its customers by using a set formula when conducting its business.

118. Part of that set formula is the wage violations alleged in this complaint.

119. Defendants utilize the common practice of under-staffing their restaurants with employees earning at or above the federal minimum wage. Defendants instead staff their restaurants with tipped employees, i.e. Plaintiffs and the Collective Members, and require these tipped employees to perform non-tipped labor while paying them a sub-minimum tip-credit rate.

120. At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

121. At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

## STATEMENT OF FACTS

122. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

123. Defendants paid Plaintiffs and the Collective Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail itself of the tip-credit provisions of the FLSA.

124.    Therefore, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail themselves of the tip-credit provisions of the FLSA.

125.    Defendants regularly and frequently required Plaintiffs and the Collective Members to perform a number of non-tipped duties ***unrelated*** to their tipped occupations, including but not limited to: working the grill line and performing the primary job duties of cook; performing the primary job duties of a host or hostess; taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; operating the dishtank and performing the primary job duties of a dishwasher; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking ice; preparing delivery orders Uber Eats, Grub Hub and Door Dash; preparing takeout orders and online orders from Denny's.com; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts, ice creams and milkshakes; cutting lemons, limes, melons and strawberries; preparing crepes and pancakes; washing and stocking unsliced fruits; baking biscuits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

126.    Defendants paid Plaintiffs and the Collective Members a sub-minimum wage for all hours that they worked for Defendants, including the periods during which Plaintiffs and the Collective Members were performing non-tipped duties.

127.    Defendants regularly and frequently required Plaintiffs and the Collective Members to perform a number of non-tipped duties ***related*** to their tipped occupation, including but not limited to: cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses. Defendants required Plaintiffs and the Collective Members to perform such ***related*** non-tipped tasks more than occasionally or part of the time. Defendant required Plaintiffs and the Collective

19

Members to perform such **related** non-tipped tasks for unreasonable amounts of time that were not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiffs' and the Collective Members' time worked in one or more individual workweeks.

128.     Defendants did not permit Plaintiffs to "clock in" under a different job code during the times that Plaintiffs performed **unrelated** or **related** non-tipped labor. As a result, Defendants failed to maintain any record of the time that Plaintiffs performed non-tipped labor in their work for Defendants while Defendants also continued to take a tip credit against Plaintiffs' wages for time spent on such non-tipped labor.

129.     Where an employer's records are inaccurate or inadequate, an employee may meet their burden of proof if they prove that they have in fact performed work for which they were improperly compensated and if they produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *See e.g. Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946). The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. *Id.* If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate *Id*.

130.     Specifically, in a given workweek, and during each and every workweek during which Plaintiffs worked for Defendants, they were required to, and did, perform non-tip producing work for between 30 percent (30%) and 90 percent (90%) of the hours they spent working during their regular workweeks.

131.     In a given workweek during her work for Defendants Classic Dining Kentucky Ave, Inc.; Classic Dining Group, LLC; and/or Ken Kilberger, Plaintiff Amos generally spent

between 10 minutes and one hour performing non-tipped work prior to taking her first table, and one to two hours, or more if necessary, performing non-tipped side work after waiting on her final customers. She also consistently performed non-tipped labor, or running side work, during and throughout all of her shifts.

132. In a given workweek during her work for Defendants Classic Dining Kentucky Ave, Inc.; Classic Dining Group, LLC; and/or Ken Kilberger, Plaintiff Johnson generally spent between 30 minutes and one hour performing non-tipped work prior to taking her first table, and one hour or more performing non-tipped side work after waiting on her final customers. She also consistently performed non-tipped labor, or running side work, during and throughout all of her shifts.

133. In a given workweek during his work for Defendants Classic Dining Kentucky Ave, Inc.; Classic Dining Group, LLC; and/or Ken Kilberger, Plaintiff Lanpher generally spent about one hour performing non-tipped work prior to taking his first table, and one hour or more performing non-tipped side work after waiting on his final customers. He also consistently performed non-tipped labor, or running side work, during and throughout all of his shifts.

134. In a given workweek during her work for Defendants Classic Dining of Daleville, Inc.; Classic Dining Group, LLC; and/or Ken Kilberger, Plaintiff Looper generally spent approximately one hour performing non-tipped work prior to taking her first table, and one hour or more performing non-tipped side work after waiting on her final customers. She also consistently performed non-tipped labor, or running side work, during and throughout all of her shifts.

135. In a given workweek during her work for Defendants Classic Dining Post Road, Inc.; Classic Dining Group, LLC; and/or Ken Kilberger, Plaintiff Ross generally spent

approximately one hour performing non-tipped work prior to taking her first table, and between one and two hours or more performing non-tipped side work after waiting on her final customers. She also consistently performed non-tipped labor, or running side work, during and throughout all of her shifts.

136.    In a given workweek during his work for Defendants Classic Dining Greenwood, Inc.; Classic Dining Group, LLC; and/or Ken Kilberger, Plaintiff Pettingill generally spent about 30 minutes or more performing non-tipped work prior to taking his first table, and one and one-half hours or more performing non-tipped side work after waiting on his final customers.  He also consistently performed non-tipped labor, or running side work, during and throughout all of his shifts.

137.    In addition, in a given workweek, Plaintiffs were required to, and did, perform deep cleaning tasks not related to their tipped occupation when they had few to no customers to serve and therefore few to no tips to earn, all while being paid the sub-minimum wage, tip credit rate.

138.    Defendants paid their tipped employees–including Plaintiffs and the Collective Members–sub-minimum, tip-credit wages but did not allow them to retain all tips they earned, in violation of 29 U.S.C. § 203(m).

139.    Defendants did not allow Plaintiffs and the Collective Members to retain all tips they earned because they subjected Plaintiffs and the Collective Members to "charge backs" in which Defendants required Plaintiffs and the Collective Members to reimburse Defendants for cash shortages, customer walkouts, food spoilage and breakage.

140.    Such policy and practice resulted in Defendants retaining tips that their tipped employees earned, in violation of 29 U.S.C. § 203(m).  Accordingly, Defendants were not

entitled to take a tip credit from Plaintiffs' or the Collective Members' wages for any of the time period relevant to this lawsuit.

141.    For example, during the time period relevant to this lawsuit, in one instance during Plaintiff Amos' employment with Defendants Classic Dining Kentucky Ave, Inc.; Classic Dining Group, LLC; and/or Ken Kilberger, Plaintiff Amos' cash drawer was short $17, and Defendants required that she reimburse them directly from her tips.  In another instance, Plaintiff Amos' cash drawer was short $10, and Defendants required that she reimburse half of the amount directly from her tips.

142.    Defendants also engaged in the regular policy and practice of requiring Plaintiffs and the Collective Members to attend regular unpaid server meetings.  Such conduct by Defendants necessarily brought Defendants' tipped employees'–including Plaintiffs' and the Collective Members'–wages below the applicable minimum wage, in violation of 29 U.S.C. § 206(a).  Such conduct by Defendants also necessarily brought Defendants' tipped employees'– including Plaintiffs' and the Collective Members'–wages below the applicable overtime rate where such unpaid meetings would have been hours worked in excess of 40 in a given workweek.

## COLLECTIVE ACTION ALLEGATIONS

143.    Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

144.    Plaintiffs and the Collective Members bring the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

145.    Plaintiffs assert these claims on behalf of themselves, and on behalf of all similarly situated tipped employees employed by Defendants, who were not paid all compensation required

by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

146.   Plaintiffs seek to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any Denny's restaurant owned or operated by Defendants in the job position of server and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

147.   The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiffs and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendants within three years from the filing of this Complaint.

148.   Upon information and belief, Defendants have employed thousands of tipped employees during the period relevant to this action.

149.   The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

150.   Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

151.   Collective adjudication is appropriate in this case because the tipped employees whom Plaintiffs wish to notify of this action have been employed in positions similar to Plaintiffs;

have performed work similar to Plaintiffs; and have been subject to compensation practices similar to those to which Plaintiffs have been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## COUNT ONE: REQUIRED LABOR UNRELATED TO PRIMARY DUTIES OF THE TIPPED OCCUPATATION OF SERVER

135. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

152. Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., and 29 C.F.R. § 531.56(e) by requiring Plaintiffs and the Collective Members in a given workweek, and during each and every workweek Plaintiffs and the Collective Members were employed by Defendant, to perform non-tipped labor **unrelated** to their tipped occupations, including but not limited to: working the grill line and performing the primary job duties of cook; performing the primary job duties of a host or hostess; taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; operating the dishtank and performing the primary job duties of a dishwasher; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking ice; preparing delivery orders Uber Eats, Grub Hub and Door Dash; preparing takeout orders and online orders from Denny's.com; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts, ice creams and milkshakes; cutting lemons, limes, melons and strawberries; preparing crepes and pancakes; washing and stocking unsliced fruits; baking biscuits; preparing specialty drinks such as lemonades, limeades and teas; and rolling bins full of silverware.

136. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs and the Collective Members the full applicable minimum wage, without applying

the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

137. Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs Amos, Johnson, Lanpher, Looper, Ross, and Pettingill, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: EXCESSIVE AMOUNTS OF REQUIRED LABOR RELATED TO PRIMARY DUTIES OF SERVER

138. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

139. Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq. and 29 C.F.R. § 531.56(e) by requiring Plaintiffs and the Collective Members in a given workweek, and during each and every workweek Plaintiffs and the Collective Members were employed by Defendants, to perform non-tipped labor **related** to their tipped more than "part of the time" or occasionally. Plaintiffs and the Collective members performed such **related** non-tipped labor for unreasonable amounts of time that were not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek, while paying Plaintiffs

and the Collective Members at the tip credit rate. Examples of such non-tipped labor **related** to their tipped occupation of servers include, but are not limited to, cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses.

140. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing such amounts of non-tipped labor related to their tipped occupation, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

141. Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs Amos, Johnson, Lanpher, Looper, Ross, and Pettingill, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: TIP RETENTION

142. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

143.    Defendants engaged in the regular policy and practice of requiring Plaintiffs and the Collective Members to reimburse Defendants for breakage, broken dishes, register shortages, and/or customer walkouts from Plaintiffs' and the Collective Members tips.

144.    Such policy and practice by Defendants resulted in Plaintiffs and the Collective Members not retaining all of their tips and in Plaintiffs' and the Collective Members' wages being paid below the applicable minimum wage, in violation of the FLSA, 29 U.S.C. § 206(a).

145.    Defendants therefore failed and/or refused to pay Plaintiffs and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

146.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs and the Collective Members the full minimum wage over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

147.    Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs Amos, Johnson, Lanpher, Looper, Ross, and Pettingill, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment

and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this September 25, 2020.

BENDAU & BENDAU PLLC

By: *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
P.O. Box 97066
Phoenix, AZ 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliff@bswages.com

THE LAW OFFICES OF SIMON & SIMON

By: *James L. Simon*
James L. Simon (OH No. 0089483)
5000 Rockside Road, Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Email: james@bswages.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th Day of September, 2020 a true and complete copy of the forgoing was served upon all necessary parties through the Court's electronic filing system.

/s/      *James L. Simon*

29