**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRIAN PETTINGILL, <br> on behalf of himself and all other persons similarly <br> situated, known and unknown <br><br> Plaintiff, <br><br> v. <br><br> CLASSIC DINING OF GREENWOOD, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.:1:21-cv-02493-JPH-DML <br> ) <br> ) <br> ) <br> ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE**

NOW COMES, Plaintiff, Brian Pettingill ("Pettingill" or "Plaintiff") and Defendant, Classic Dining of Greenwood, Inc. ("Greenwood" or "Defendant") (collectively referred to as the "Parties'), jointly move this Court for approval of the Parties' settlement of this lawsuit in accordance with the Settlement Agreement and Release (a copy of which is attached to this motion as Exhibit 1). In support thereof, the Parties state and jointly stipulate as follows:

1. On July 30, 2019, Constance Amos filed a collective action Complaint in the United States District Court for the Southern District of Indiana, Case No. 19-cv-03193-JRS-DLP, asserting, *inter alia*, claims pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* against numerous defendants—one of which was Classic Dining of Greenwood, Inc.

2. Pettingill filed a consent form opting into Case No. 19-cv-03193-JRS-DLP on or about October 24, 2019. (ECF No. 75.)

3. In accordance with the Court's Order dated September 22, 2021, in case number 19-cv-03193-JRS-DLP, Classic Dining of Greenwood, Inc. was dismissed with prejudice from that action. (*See* Court's Order Dated September 22, 2021, ECF No. 178, in case no. 19-cv-03193-JRS-DLP.)

4. Pursuant to Court's Order in case no. 19-cv-03193-JRS-DLP, the clerk of the court opened a new action, *Pettingill v. Classic Dining Post Road, Inc.,* Case No. 1:21-cv-02493-JPH-DML.

5. Plaintiff's operative complaint in the new/current action (case no. 1:21-cv-02493-JPH-DML) is titled as Plaintiff's Second Amended Complaint (ECF No. 3), which alleges three Counts: Count One (Required Labor Unrelated to Primary Duties of the Tipped Occupation of Server), Count Two (Excessive Amounts of Required Labor Related to Primary Duties of Server), and Count Three (Tip Retention).

6. There is no pending motion for collective certification. Plaintiff does not allege any Federal Rule of Civil Procedure Rule 23 class claims. Plaintiff proceeds individually.

7. Greenwood denies and continues to deny Plaintiff's allegations. Greenwood asserts that it properly compensated Plaintiff in accordance with the tip credit provisions of the FLSA, of which Plaintiff was put on notice in writing.

8. Plaintiff's Counsel (Bendau & Bendau PLLC and The Law Offices of Simon & Simon) among other things, analyzed and evaluated the merits of the claims made against Greenwood; conducted interviews with individuals including Pettingill; propounded initial written discovery; engaged in extensive motion practice; obtained and reviewed documents relating to Plaintiff's payroll history; and analyzed payroll data and timekeeping records, and following the court's order dated September 22, 2021, ECF No. 1, and in an effort to avoid further costs and the

uncertainty of continued litigation, the parties agreed to enter into settlement discussions.

9. Subsequently, the Parties engaged in good-faith, arm's length settlement negotiations. During settlement negotiations, the Parties were all represented by competent and experienced counsel.

10. The Parties' settlement discussions resulted in a resolution embodied in the Settlement Agreement that is attached as **Exhibit 1** to this Motion.

11. As consideration for entering into the Settlement Agreement, Greenwood agrees to pay Plaintiff a total of $10,152.49 (ten thousand one hundred and fifty-two dollars and forty-nine cents). Of this settlement payment, $4,000.74 is payment to Plaintiff for his alleged unpaid wages ($2000.37) and liquidated damages ($2000.37). The remaining amount of $6151.75 is payable to Plaintiff's Counsel for full and final settlement of all attorneys' fees and costs in this matter. *See* Exhibit 1, Section 3.

12. As consideration for entering into the Settlement Agreement, Plaintiff agrees to seek dismissal of this action in full, with prejudice, without fees or costs to either party—except as specifically negotiated with regard to attorneys' fees and costs up to a maximum of $6,151.75—and, agrees to a general release of all claims he has, had, or may have against Greenwood (including any wage and hour claims pursuant to the FLSA and/or any applicable state law) relating back to the full extent of the applicable statute of limitations and continuing through the entry of Final Judgment in this matter, as set forth in the Settlement Agreement. *See* Exhibit 1, Sections 3 and 5. Plaintiff also voluntarily agrees to a release of any and all claims up to the date of signing the Agreement pursuant the ADEA and the Older Workers Benefit Protection Act. *See* Exhibit 1, Section 12.

13. The Parties and their respective counsel believe and agree that their Settlement

Agreement (Exhibit 1) represents a fair, reasonable, and adequate resolution of a *bona fide* dispute between the Parties regarding provisions of the FLSA, including the use and application of the tip credit.

14.     The Parties seek this Court's approval of their Settlement Agreement for purposes of finding the Settlement Agreement binding on the parties and, specifically, enforcing Plaintiff's release of claims, including under the Fair Labor Standards Act. *See* Exhibit 1, Section 5 and 12. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). *Chen v. Genesco, Inc.*, No. No. 1:18-cv-00690-SEB-TAB, 2020 WL 360517, at *3 (S.D. Ind. Jan. 22, 2020) ("FLSA . . . settlement agreements require judicial approval.  Normally, a settlement is approved where it is the result of contentious arm's length negotiations, which were undertaken in good faith by counsel [] and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.") (internal quotations omitted).

**WHEREFORE**, the Parties respectfully request that this Court enter an Order granting their Motion for Approval and approving the Parties' Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute, finding it binding on all parties, and dismissing Plaintiff's Second Amended Complaint with prejudice.

Dated:  May 24, 2022                  Respectfully submitted,

By: */s/Clifford P. Bendau*                    By:    */s/ Stephanie M. Dinkel, Esq.*

| | |
|---|---|
| James L. Simon | Renee L. Koehler, Esq. |
| 5000 Rockside Road, Suite 520 | Stephanie M. Dinkel, Esq. |
| Independence, Ohio 44131 | Koehler Dinkel LLC |
| Telephone: (216) 525-8890 | 900 S. Frontage Rd., Suite 300 |
| Fax: (216) 642-5814 | Woodridge, Illinois 60517 |
| Email:  james@bswages.com | Telephone: (630) 505-9939 |
| | |
| Clifford P. Bendau, II | Email:  rkoehler@kdllclaw.com |

P.O. Box 97066  
Phoenix, AZ 85060  
Telephone: (480) 382-5176  
Facsimile: (480) 304-3805  
Email: cliff@bswages.com

sdinkel@kdllclaw.com

**ATTORNEYS FOR PLAINTIFF**         **ATTORNEYS FOR DEFENDANT**